Marian F. Harrison
US Bankruptcy Judge

Dated: 07/03/13

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 309-05337** |
| **GREGORY SCOTT DAILY,** | ) | **Judge Marian F. Harrison** |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **AUERBACH ACQUISITION** | ) | |
| **ASSOCIATES, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 313-90124** |
| | ) | |
| **JEFFREY GOULD, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court on the Motion of the Defendants (hereinafter "Daily Trusts") to dismiss the Plaintiff's (hereinafter "Auerbach") Complaint pursuant to Fed. R. Bankr. P. 7012(b) for failure to state a claim upon which relief may be granted. Auerbach's Complaint in this proceeding asserts two claims: The first and primary claim is that Auerbach is entitled to the proceeds received by the Daily Trusts on account of the

redemption of certain bonds issued by iPayment, Inc., that were owned by the Daily Trusts. Secondarily, Auerbach claims entitlement to reimbursement for certain tax obligations incurred and paid by the Estate attributable to the redemption of the bonds. The Court, having reviewed the parties' briefs in support of and in opposition to the Motion and certain documents outside the pleadings that the parties stipulated were proper for the Court to consider, and after hearing oral arguments on the Daily Trusts' Motion, finds the Motion well-taken. To the extent the Court's consideration of additional materials outside the Complaint operates to convert the Motion To Dismiss to a Motion For Summary Judgment, that motion is also well taken. An appropriate order will be entered granting the Motion to Dismiss and/or Motion for Summary Judgment and dismissing the Complaint in its entirety.

The record herein is composed of the pleadings together with the additional documents the parties agreed the Court could consider including multiple documents evidencing a settlement agreement between the Debtor, Auerbach, the Daily Trusts, and certain other Daily entities. These documents include: (i) a "Settlement Term Sheet" dated March 4, 2011 (Docket No. 782-1); (ii) a "Purchase and Compromise Agreement" dated March 4, 2011 (the "P&C Agreement") (Docket No. 782-2); and (iii) a "Redemption Agreement" dated April 12, 2011 between iPayment Investors, L.P., iPayment GP, LLC, the Debtor, the Trustee, the Daily Trusts, and certain other Daily entities (Docket No. 782-3). These agreements were approved by the Court upon a motion filed by the Chapter 11 Trustee in an Order entered April 27, 2011 (Docket No. 793) and are collectively referred to as the

"Settlement Agreements." The parties also agreed that the Court could consider the Trustee's Motion to Approve the Settlement Agreements and his summary of those agreements (Docket No. 779), as well as other Trustee prepared documents. In addition to these documents, the record also includes Auerbach's stipulation, made orally by counsel at the June 12, 2013, hearing, that Auerbach had in fact received documentation disclosing the bonds at issue through the discovery process in advance of its entering into the Settlement Agreements. Support for Auerbach's stipulation in this regard is found in its response in opposition to the Motion to Dismiss, in the Document Requests submitted by Auerbach to the Daily Trusts (Docket Nos. 198, 199, 200 and 201), and in the letter from the Debtor's counsel, William Norton, to Auerbach's counsel, Robert Mendes, dated January 8, 2013, and attachments submitted to the Court at the hearing on January 15, 2013, in opposition to Auerbach's Motion To Reopen the case. Auerbach's discovery requests to the Daily Trusts are attached as ***Exhibit 1***. Evidence of the Daily Trusts' disclosure of the existence of the bonds in response to that discovery is attached as ***Exhibit 2***.

## I. AUERBACH'S CLAIMS TO THE BONDS

The Settlement Agreements are controlling with respect to Auerbach's claims to the proceeds received by the Daily Trusts on account of the redemption of bonds issued by iPayment, Inc. Indeed, the parties agreed in the Settlement Agreements that there were no other understandings or agreements between them. Those agreements make clear what was to be paid by the Daily Trusts in consideration for the broad release they received.

3 - U.S. Bankruptcy Court, M.D. Tenn.

Notwithstanding the fact that prior to signing the Agreements, Auerbach obtained discovery regarding all of the assets owned by the Daily Trusts, including the iPayment, Inc., bonds at issue, there is no provision in the Settlement Agreements that gives Auerbach a claim to the bonds.

## A. __The Settlement Term Sheet__

Paragraph 1 of the Settlement Term Sheet describes the requirements on which the Settlement Term Sheet is contingent. Paragraph 1(i) provides that the settlement is contingent upon: "[a] sale of iPayment Investors, LP and iPayment GP, LLC *equity* interests." (Emphasis supplied).

Paragraph 2 of the Settlement Term Sheet, which details the obligations of the Daily Trusts relative to the sale of its "equity interests," further states "[t]he Daily Trusts will pay to the Daily Estate at the Closing the sum of the value of the iPayment Investors, LP limited partner units owned by the Daily Trusts." The only representation in the Settlement Agreements regarding the iPayment related interests owned by the Debtor and the Daily entities is in Paragraph 2 of the Settlement Term Sheet: "Daily represents that there are no partner units in iPayment Investors, LP held by any Daily related entity or family member of Daily other than those held by the Daily Trusts, the Daily Family Foundation and the Daily Estate." Nowhere in the Settlement Term Sheet is there any reference to or

representation regarding the bonds, nor were the Daily Trusts required to sell their "bonds" in iPayment, Inc., or any other entity.

Paragraph 6 of the Settlement Term Sheet provides that in consideration for the receipt – from the Daily Trusts – of an amount equal to the gross proceeds actually received by the Daily Trusts *for their iPayment Investors, LP units*, *and a $2,000,000 cash payment, all claims against the Daily Trusts were to be released*. There are other references to the iPayment related interests to be sold by the Daily Trusts in the Settlement Term Sheet; however, there is no reference to the bonds now claimed by Auerbach.[1]

The last sentence of the Settlement Term Sheet includes a provision that requires any inconsistency between the Settlement Term Sheet and the P&C Agreement to be decided in favor of the wording in the P&C Agreement. The last sentence of the Settlement Term Sheet reads as follows:

> In the event of any inconsistency between this Settlement and the Purchase and Compromise Agreement, the Purchase and Compromise Agreement shall govern as to the parties who signed the Purchase and Compromise Agreement,

---

[1]Auerbach's argument is based on its reading of Paragraph 6(i) of the Settlement Term Sheet to wit: "provided that all iPayment related interests held by the Daily Estate, the Daily Trusts and any entity related to Greg Daily, including but not limited to GP and LP interests, shall be sold by the Trustee . . . to make payments to the Daily Estate." This paragraph must be read in conjunction with the more specific paragraphs which make the settlement contingent on the sale of iPayment equity interests in iPayment Investors, LP and iPayment GP, LLC (Paragraph 1(i), Paragraph 2, and the portion of Paragraph 6 referred to in the above text). Again, nowhere in the document are the iPayment, Inc., bonds addressed.

5 - U.S. Bankruptcy Court, M.D. Tenn.

subject to any limitations on the applicability of the provisions of the Purchase
and Compromise Agreement set forth therein as to the signing party.

A copy of the Settlement Term Sheet, with portions relevant to this decision underlined, is

attached as ***Exhibit 3***.

## B. The P&C Agreement

Notwithstanding the prior disclosure of the existence of the Daily Trusts' ownership

of bonds in iPayment, Inc., the P&C Agreement refers to the sale of "interests in iPayment

Investors, LP and iPayment GP, LLC." Nowhere is there any reference to the bonds, which

are debt instruments related to a completely different entity, iPayment, Inc. Because the

P&C Agreement does not refer to the sale of any bonds, or, for that matter, any interests in

any entities other than iPayment Investors, LP and iPayment GP, LLC, Auerbach has no

claim to the proceeds from the redemption of those bonds. A copy of the P&C Agreement,

with relevant portions underlined, is attached to this Memorandum Opinion as ***Exhibit 4***.

The provisions of Paragraph 6 of the Settlement Term Sheet, when read in connection

with the release in Section 3.1 of the P&C Agreement, show that Auerbach's release and

discharge of all claims against the Daily Trusts is effective because Auerbach has received

all of the consideration it was entitled to receive from the Daily Trusts under the Settlement

Agreements in exchange for granting such release and discharge. Because the Daily Trusts

provided, in full, all the consideration they were required to provide in exchange for their

release, the gross proceeds actually received by the Daily Trusts for the iPayment Investors, LP, units required under the Settlement Agreements, the $2,000,000 cash payment, and their release obligations under Section 3 of the P&C Agreement, Auerbach's release of the Daily Trusts is effective and Auerbach has released and discharged the Daily Trusts from all claims set forth in the Complaint.

Further the exclusion to the release in Section 3.1 of the P&C Agreement is not applicable to the Daily Trusts. This exclusion applied only to "obligations" of the Daily Trusts "set forth within this Agreement." There are no remaining "obligations" owed by the Daily Trusts under the P&C Agreement. Accordingly, the release of the Daily Trusts is effective and complete.

## C. The Redemption Agreement

The third document comprising the Settlement Agreements is the Redemption Agreement attached to this Memorandum Opinion as *Exhibit 5*. In the Trustee's Motion To Approve the Settlement, the Trustee provided a summary of the assets to be transferred and refers to the redemption of certain iPayment interests (Docket No. 779). The interests to be redeemed are identified in the Redemption Agreement attached as *Exhibit 5*. Nowhere in the Redemption Agreement are the bonds at issue referenced, thus indicating again that there was no intent that the bonds be transferred as part of the settlement or as consideration for the release and discharge of the Daily Trusts.

### D. **Auerbach's Assertion That The Bonds Were Fraudulently Concealed**

With respect to Auerbach's claim that the existence of the bonds was fraudulently concealed from Auerbach prior to its entry into the Settlement Agreements, the Court notes: (i) Auerbach does not plead fraudulent concealment of the bonds in its Complaint; and (ii) Auerbach acknowledges that it did in fact receive documentation disclosing these exact same bonds through the discovery process. See Auerbach's Response to the Motion to Dismiss (Docket No. 16) at footnote 1 and in paragraph 26 and Exhibits 1 and 2 to this Memorandum Opinion. In addition, Auerbach's counsel acknowledged receipt of information disclosing the existence of the bonds at the hearing on this matter. Finally, the Court also notes that Auerbach made certain representations and warranties in the P&C Agreement, including, but not limited to, those set forth in Paragraphs 4.6 (that it has made such investigation of the facts as it deemed necessary); 4.7 (that it is entering the P&C Agreement without reliance upon any statement or representation outside of the P&C Agreement); and 4.11 (that there are no other representations, warranties, agreements, or understandings outside of the Settlement Agreements). The claim in Auerbach's response to the Motion to Dismiss that the existence of the bonds was fraudulently concealed is not well taken and does not serve to override the clear terms of the Settlement Agreements.

## II. THE SETTLEMENT AGREEMENTS DO NOT PROVIDE A BASIS FOR AUERBACH'S TAX REIMBURSEMENT CLAIM

As a result of the redemption of the bonds, and pursuant to the terms of the grantor trusts that held the bonds, the Daily Estate was liable to pay the taxes arising from the redemption. Auerbach's counsel stipulated at the June 12, 2013, hearing that the tax owed as a result of the bond redemption was the Estate's liability. Neither the Daily Estate's obligation to pay the tax nor the amount of the tax owed by the Daily Estate is in dispute. The Settlement Term Sheet contains two specific provisions related to the Daily Trusts' tax reimbursement obligations. The first appears in Paragraph 6(ii) of the Settlement Term Sheet, which requires the Daily Trusts to "reimburse the Daily Estate for all taxes the Daily Estate is required to pay as a result of receipt of such Extraordinary Receipts." The term "Extraordinary Receipts" is defined in Paragraph 6 of the Settlement Term Sheet to include only the following items: distributions from certain trusts ( the "GRATs") after execution of the Settlement but prior to Closing; loan payments on an AERC Note; the first $500,000 of distributions from Massey Burch Venture Fund; the first $100,000 of distributions from Harbert/Harbinger Mezzanine Partners I and/or II; and distributions from Goebel Partners, Claritas Capital Emerging Growth Fund I and II, or Covenant Apartment Fund IV, L.P. "Extraordinary Receipts" as defined in the Settlement Agreements does not include proceeds from the sale of iPayment, Inc., bonds; therefore, the Daily Trusts are not required to reimburse the Daily Estate for taxes resulting from the redemption of such bonds pursuant to Paragraph 6.

9 - U.S. Bankruptcy Court, M.D. Tenn.

The second provision related to the Daily Trusts' obligation to reimburse the Estate for taxes is found in Paragraph 8 of the Settlement Term Sheet, which states as follows:

> As it relates to any transfers to the Daily Interests from the Daily Estate of Non-iPayment Investments, the Daily Trusts will reimburse the Daily Estate for any tax liability actually incurred by the Daily Estate as a consequence of such transfers after taking into account any usable capital losses or other deductions available to the Daily Estate. Likewise, the Daily Trusts will reimburse the Daily Estate for any tax liability incurred by the Daily Estate as a consequence of receiving any of the Extraordinary Receipts and then abandoning them pursuant to paragraph 6.

The Daily Trusts' bonds have always been the property of the Daily Trusts. The taxes owed by the Estate as a result of the bond redemption does not "relate[ ] to any transfers to the Daily Interests from the Daily Estate of Non-iPayment Investments," thus, no reimbursement by the Daily Trusts is required under Paragraph 8.

Auerbach asserts a claim for Breach of Contract and Declaratory Judgment with respect to its tax reimbursement claim based on the Settlement Agreements but has offered no contractual provisions in the Settlement Agreements or any other legal authority in support of its position. The Settlement Term Sheet is clear with regard to the Daily Trusts' tax reimbursement obligations, and the Court will enforce it as written. "Simple fairness," which Auerbach calls for the Court to consider in subparagraph (ii) of Paragraph 27 of its Complaint, dictates, if anything, that the parties be strictly bound by their negotiated obligations as set forth in the Settlement Term Sheet. Auerbach's argument in Paragraph 22

of its Complaint that "he who keeps the proceeds must pay for the taxes associated with those proceeds" appears nowhere in the Settlement Term Sheet, nor is it an accurate description of the parties' bargained-for obligations. To the contrary, the Settlement Term Sheet is clear that the Daily Trusts' have no tax reimbursement obligations arising out of the redemption of their iPayment, Inc., bonds, and the Court is enforcing the parties' obligations under the Settlement Term Sheet as they are expressly written.

### III. <u>CONCLUSION</u>

For the reasons stated herein and on the record at the conclusion of the hearing on this matter, the Court finds that Auerbach's Complaint should be dismissed in its entirety. The provisions within the Settlement Agreements do not support Auerbach's claims to either the bond proceeds owned by the Daily Trusts or to reimbursement for the taxes paid by the Daily Estate on account of the bonds' redemption. The claims asserted in the Complaint against the Daily Trusts have been fully and completely released under the terms of the Settlement Agreements. Accordingly, the Court finds that Auerbach's Complaint should be dismissed with prejudice.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

11 - U.S. Bankruptcy Court, M.D. Tenn.

EXHIBIT 1

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

_Middle_ _____ District of _____ Tennessee _____

In re   Gregory Scott Daily
                Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. * ____ 3:09-05337 ____

To:  Jeffrey Gould, as Trustee for
     Trust FBO Courtney Daily
     1163 Gateway Lane
     Nashville, Tennessee 37220

Chapter  11

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   (to be recorded by stenographic means) | DATE AND TIME |
|---|---|
| ..AW, PLLC, 2525 West End Avenue, Suite 1475, ..shville, Tennessee 37203 | November 20, 2009<br>2:00 p.m. Central Time |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A of attached Motion for Order Directing Examination and Production of Documents and Electronically Stored Information of CapStar Bank Pursuant to Federal Rule of Bankruptcy Procedure 2004.

See also attached Order Directing Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004.

| PLACE | DATE AND TIME |
|---|---|
| MGLAW, PLLC, 2525 West End Avenue, Suite 1475, Nashville, Tennessee 37203 | November 11, 2009<br>4:00 p.m. Central Time |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

      Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE / Attorney for Auerbach Acquisition Associates, Inc. | DATE November 2, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
..bert J. Mendes, Esq., MGLAW, PLLC
2525 West End Avenue, Suite 1475, Nashville, Tennessee 37203, 615.846.8000

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE


IN RE: GREGORY SCOTT DAILY
      Debtor(s)

CASE NO. 09-05337-MH3-11


## ORDER DIRECTING EXAMINATION
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004


Upon the motion of Auerbach Acquisition Associates, Inc., by and through counsel, it is

**ORDERED** that Jeffrey Gould, as Trustee for Trust FBO Courtney Daily shall appear for examination pursuant to *Fed. R. Bankr. P.* 2004 on November 20, 2009 at 2:00 p.m. Central Time at the law offices of MGLAW, PLLC, 2525 West End Avenue, Suite 1475, Nashville, Tennessee.

**IT IS FURTHER ORDERED** that Jeffrey Gould, as Trustee for Trust FBO Courtney Daily shall produce the documents and electronically stored information as described in Exhibit A at the above address no later than 4:00 p.m. Central Time on November 11, 2009.

**IT IS FURTHER ORDERED** that the attorney for the movant shall serve a copy of this order on the party or counsel for the party required to appear and to the U.S. Trustee.

The attendance of an entity for examination and the production of documentary evidence are compelled in the manner provided in *Fed. R. Bankr. Proc.* 9016 for the attendance of witnesses at a hearing or trial.

Dated: October 30, 2009




                       __/s/ Marian F. Harrison__
                        Bankruptcy Judge

IN RE:                                  )
                                        )        Case No. 3:09-bk-05337
GREGORY SCOTT DAILY,                    )        Judge Marian F. Harrison
                                        )        Chapter 11
        Debtor.                         )

## MOTION FOR ORDER DIRECTING EXAMINATION AND PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION OF JEFFREY GOULD, AS TRUSTEE, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Auerbach Acquisition Associates, Inc. ("Auerbach"), through its undersigned

counsel, respectfully moves the Court for entry of an order directing the attendance of

Jeffrey Gould, as Trustee for Trust FBO Courtney Daily ("Respondent") for examination

and for the production of documents and electronically stored information pursuant to

Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Local Bankruptcy Rule 2004-1. The following is offered in support of this Motion:

### BACKGROUND

1.      On May 11, 2009, Gregory Scott Daily (the "Debtor") filed a Voluntary

Petition in the United States Bankruptcy Court for the Middle District of Tennessee,

Nashville Division (the "Court") for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtor is in possession of his property and is managing his affairs as

Debtor-in-Possession. No examiner or trustee has been appointed, and no official

unsecured creditors' committee has been appointed.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and Rule 2004 of the Federal Rules of Bankruptcy Procedure. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue over this matter is proper in this Court pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

4. Auerbach requests that the Court order Respondent to produce the documents and electronically stored information described in **Exhibit A** hereto to counsel for Auerbach no later than 4:00 p.m. Central Time on November 11, 2009. For all electronically stored information, Auerbach requests that the Court order that the information be produced in its native format.

5. In addition, Auerbach requests that the Court order Respondent to appear at the law offices of MGLAW, PLLC, 2525 West End Avenue, Suite 1475, Nashville, Tennessee, on November 20, 2009 at 2:00 p.m. Central Time, to be examined under oath regarding the matters described in **Exhibit A.**

6. It is necessary to conduct this Rule 2004 examination and have the documents and requested electronically stored information produced in order to determine the true ownership of this asset.

7. Bankruptcy Rule 2004 authorizes the examination of any entity related to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." An examination under Bankruptcy Rule 2004 may also relate to "the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Auerbach respectfully submits that the proposed deposition,

Case 3:09-ap-00134   Doc 189   Filed 07/03/09   Entered 07/03/09 14:24:43   Desc Main
Document   Page 15 of 25

documents, and electronically stored information described above relate to these purposes.

WHEREFORE, Auerbach respectfully requests that this Court grant this Motion and enter an order directing the production of documents and electronically stored information as requested herein, authorizing the examination of the designated representative(s) of Respondent, authorizing Auerbach to serve the Order on Respondent as described herein, and granting Auerbach any such other relief that the Court deems just and proper.

Respectfully submitted,


/s/ Robert J. Mendes
Robert J. Mendes (rjm@mglaw.net)
Griffin S. Dunham (gsd@mglaw.net)
William N. Helou (wnh@mglaw.net)
MGLAWPLLC
2525 West End Avenue, Suite 1475
Nashville, Tennessee  37203
615.846.8000
Fax: 615.846.9000

ATTORNEYS FOR AUERBACH
ACQUISITION ASSOCIATES, INC.


## CERTIFICATE OF SERVICE

It is hereby certified that on this the 29th day of October, 2009, a true and correct copy of the foregoing has been served upon the parties consenting to electronic service in this case, including counsel for the United States Trustee and counsel for the Debtor.


/s/ Robert J. Mendes
Robert J. Mendes

## EXHIBIT A

## DOCUMENT[1] REQUESTS

For the period from January 1, 2005 through the present:

1.  Copies of all documents which demonstrate the assets and/or liabilities of the Trust FBO Courtney Daily (the "Trust").

2.  Copies of all documents which refer or relate to the income and/or expenses of the Trust.

3.  Copies of all documents which relate to any valuation or audit of the Trust.

4.  Copies of all documents which relate to any distributions or payments made by the Trust.

5.  Copies of all documents which relate to purchase, sale or transfer of any asset to or from the Trust.

6.  Copies of all bank or other account statements of the Trust.

7.  Copies of all documents which govern the operation of the Trust.

8.  Copies of all tax returns of the Trust.

9.  Copies of all documents which relate to any contract entered into by or on behalf of the Trust.

10. Copies of all documents which relate to any legal action taken by or against the Trust.

---

[1] "Documents," as used herein, means any "documents", "electronically stored information," or "tangible things" as described in Fed. R. Civ. P. 34 and any "writings" or "recordings" as defined in Fed. R. Evid. 1001 and includes, without limitation, emails and other communications.

**14917**

**AW PLLC**

Jeffrey Gould, as Trustee

Check Number: 14917
Check Date: Nov 2, 2009
Check Amount: $46.05

| Invoice | Date | Discount Taken | Amount Paid | Quantity | Description |
|---------|------|----------------|-------------|----------|-------------|
| O'Donnell(3) | 11/2/09 | | $46.05 | | Witness fee-O'Donnell |

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of _____Tennessee_____

In re  Gregory Scott Daily
                 Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. *  3:09-05337

To:  Jeffrey Gould, as Trustee for
     Trust FBO Chase Daily
     1163 Gateway Lane
     Nashville, Tennessee 37220

Chapter  11

☐  **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  (to be recorded by stenographic means) | DATE AND TIME |
|---|---|
| ̄W, PLLC, 2525 West End Avenue, Suite 1475, ̲Nashville, Tennessee 37203 | November 20, 2009<br>2:30 p.m. Central Time |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A of attached Motion for Order Directing Examination and Production of Documents and Electronically Stored Information of CapStar Bank Pursuant to Federal Rule of Bankruptcy Procedure 2004.

See also attached Order Directing Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004.

| PLACE | DATE AND TIME |
|---|---|
| MGLAW, PLLC, 2525 West End Avenue, Suite 1475, Nashville, Tennessee 37203 | November 11, 2009<br>4:00 p.m. Central Time |

☐  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| / Attorney for Auerbach<br>Acquisition Associates, Inc. | November 2, 2009 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

̲bert J. Mendes, Esq., MGLAW, PLLC
2525 West End Avenue, Suite 1475, Nashville, Tennessee 37203, 615.846.8000

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: GREGORY SCOTT DAILY
      Debtor(s)

CASE NO. 09-05337-MH3-11

## ORDER DIRECTING EXAMINATION
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the motion of Auerbach Acquisition Associates, Inc., by and through counsel, it is

**ORDERED** that Jeffrey Gould, as Trustee for Trust FBO Chase Daily shall appear for examination pursuant to *Fed. R. Bankr. P.* 2004 on November 20, 2009 at 2:30 p.m. Central Time at the law offices of MGLAW, PLLC, 2525 West End Avenue, Suite 1475, Nashville, Tennessee.

**IT IS FURTHER ORDERED** that Jeffrey Gould, as Trustee for Trust FBO Chase Daily shall produce the documents and electronically stored information as described in Exhibit A at the above address no later than 4:00 p.m. Central Time on November 11, 2009.

**IT IS FURTHER ORDERED** that the attorney for the movant shall serve a copy of this order on the party or counsel for the party required to appear and to the U.S. Trustee.

The attendance of an entity for examination and the production of documentary evidence are compelled in the manner provided in *Fed. R. Bankr. Proc.* 9016 for the attendance of witnesses at a hearing or trial.

Dated: October 30, 2009

                                      ____/s/ Marian F. Harrison____
                                        Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:      )
          )  Case No. 3:09-bk-05337
GREGORY SCOTT DAILY,  )  Judge Marian F. Harrison
          )  Chapter 11
  Debtor.     )

## MOTION FOR ORDER DIRECTING EXAMINATION AND PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION OF JEFFREY GOULD, AS TRUSTEE, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Auerbach Acquisition Associates, Inc. ("Auerbach"), through its undersigned counsel, respectfully moves the Court for entry of an order directing the attendance of Jeffrey Gould, as Trustee for Trust FBO Chase Daily ("Respondent") for examination and for the production of documents and electronically stored information pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2004-1. The following is offered in support of this Motion:

## BACKGROUND

1. On May 11, 2009, Gregory Scott Daily (the "Debtor") filed a Voluntary Petition in the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division (the "Court") for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is in possession of his property and is managing his affairs as Debtor-in-Possession. No examiner or trustee has been appointed, and no official unsecured creditors' committee has been appointed.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 2004 of the Federal Rules of Bankruptcy Procedure. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue over this matter is proper in this Court pursuant to 28 U.S.C. § 1409.

**RELIEF REQUESTED**

4.       Auerbach requests that the Court order Respondent to produce the documents and electronically stored information described in **Exhibit A** hereto to counsel for Auerbach no later than 4:00 p.m. Central Time on November 11, 2009. For all electronically stored information, Auerbach requests that the Court order that the information be produced in its native format.

5.       In addition, Auerbach requests that the Court order Respondent to appear at the law offices of MGLAW, PLLC, 2525 West End Avenue, Suite 1475, Nashville, Tennessee, on November 20, 2009 at 2:30 p.m. Central Time, to be examined under oath regarding the matters described in **Exhibit A.**

6.       It is necessary to conduct this Rule 2004 examination and have the documents and requested electronically stored information produced in order to determine the true ownership of this asset.

7.       Bankruptcy Rule 2004 authorizes the examination of any entity related to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." An examination under Bankruptcy Rule 2004 may also relate to "the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Auerbach respectfully submits that the proposed deposition,

documents, and electronically stored information described above relate to these purposes.

WHEREFORE, Auerbach respectfully requests that this Court grant this Motion and enter an order directing the production of documents and electronically stored information as requested herein, authorizing the examination of the designated representative(s) of Respondent, authorizing Auerbach to serve the Order on Respondent as described herein, and granting Auerbach any such other relief that the Court deems just and proper.

Respectfully submitted,


/s/ Robert J. Mendes
Robert J. Mendes (rjm@mglaw.net)
Griffin S. Dunham (gsd@mglaw.net)
William N. Helou (wnh@mglaw.net)
MGLAWPLLC
2525 West End Avenue, Suite 1475
Nashville, Tennessee 37203
615.846.8000
Fax: 615.846.9000

ATTORNEYS FOR AUERBACH
ACQUISITION ASSOCIATES, INC.


## CERTIFICATE OF SERVICE

It is hereby certified that on this the 29th day of October, 2009, a true and correct copy of the foregoing has been served upon the parties consenting to electronic service in this case, including counsel for the United States Trustee and counsel for the Debtor.


/s/ Robert J. Mendes
Robert J. Mendes

3

# EXHIBIT A

## DOCUMENT[1] REQUESTS

For the period from January 1, 2005 through the present:

1.  Copies of all documents which demonstrate the assets and/or liabilities of the Trust FBO Chase Daily (the "Trust").

2.  Copies of all documents which refer or relate to the income and/or expenses of the Trust.

3.  Copies of all documents which relate to any valuation or audit of the Trust.

4.  Copies of all documents which relate to any distributions or payments made by the Trust.

5.  Copies of all documents which relate to purchase, sale or transfer of any asset to or from the Trust.

6.  Copies of all bank or other account statements of the Trust.

7.  Copies of all documents which govern the operation of the Trust.

8.  Copies of all tax returns of the Trust.

9.  Copies of all documents which relate to any contract entered into by or on behalf of the Trust.

10. Copies of all documents which relate to any legal action taken by or against the Trust.

---

[1] "Documents," as used herein, means any "documents", "electronically stored information," or "tangible things" as described in Fed. R. Civ. P. 34 and any "writings" or "recordings" as defined in Fed. R. Evid. 1001 and includes, without limitation, emails and other communications.